UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALEX SOLOMON,<br><br>  Plaintiff,<br><br>  v.<br><br>HILTON WORLDWIDE INC.,<br><br>  Defendant. | Case No. 16-cv-07378-SK<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO COMPEL ARBITRATION AND DENYING PLAINTIFF'S MOTION FOR LEAVE TO AMEND**<br><br>**REGARDING DOCKET NOS. 31 AND 36** |

Defendant Hilton Worldwide Inc.'s ("Hilton") moves to compel arbitration for this action. Plaintiff Alex Solomon's also moves for leave to amend the Complaint to assert a claim under the Private Attorney General Act. For the reasons provided below, Hilton's motion to compel arbitration is GRANTED, and Plaintiff's motion for leave to amend the Complaint is DENIED.

**BACKGROUND**

Plaintiff filed this class action lawsuit in state court on November 18, 2016 against Hilton, and Plaintiff asserts various violations of laws regarding wages and breaks under the California Labor Code and unfair business practices under the California Business & Professions Code. (Dkt. 1.) Hilton removed the action to federal court and submitted its answer on December 29, 2017. (Dkt. 3, 5.) The parties consented to proceed before a United States magistrate judge. (Dkt. 8, 10.) On January 27, 2017, Plaintiff filed a motion to remand to state court. (Dkt. 11.) Hilton opposed the motion based on the argument that the alleged damages exceed the $5,000,000 amount in controversy requirement provided in the Class Action Fairness Act of 2005 ("CAFA"). (Dkt. 12.) The Court denied Plaintiff's motion to remand on March 13, 2017. (Dkt. 19.)

On April 10, 2017, the parties filed an initial joint case management statement, which stated: "Defendant plans to file a motion to compel arbitration in the coming weeks." (Dkt. 27, 5:5.) The joint case management statement also indicated that Plaintiff already served Hilton with

discovery. (*Id.,* 5:18.) On April 11, 2017, the parties participated in an ADR phone conference with the court's ADR department. (Dkt. 28.) On April 17, 2017, this Court held the initial case management conference and issued a case management and pretrial order on April 18, 2017, setting the matter for trial on January 22, 2019. (Dkt. 30.) One month later, Hilton filed its motion to compel arbitration based on an arbitration agreement entitled "Agreement Re At-Will Employment and Arbitration" (the "Agreement") signed by the parties at the time Hilton hired Plaintiff. (Dkt. 31.) The Agreement states in pertinent part:

> The Company and I further agree and acknowledge that final and binding arbitration shall be the exclusive forum to hear and decide any dispute between the Company and me, except for claims for Workers' Compensation, Unemployment Compensation, claims brought to secure rights granted under the terms of a collective bargaining agreement, or any other claim that is non-arbitrable under applicable state or federal law. Thus, the Company agrees to bring any claim it may wish to assert against me only through arbitration, and I agree to bring any claim I may wish to assert against the company only through arbitration. Except for the claims carved out above, this Agreement includes all common-law and statutory claims, including, but not limited to, any claim for breach of contract, unpaid wages, wrongful termination, unfair competition or misappropriation of trade secrets…which may be brought under applicable state or federal law….
>
> Arbitration under this Agreement shall be before a single arbitrator in the county in which the dispute arose and will be conducted in accordance with the Federal Arbitration Act in conformity with the Federal Rules of Civil Procedure and the Federal Rules of Evidence. Where required by state law, e.g., the California Arbitration Act, the arbitration will be conducted in accordance with applicable state law….

(Dkt. 31-1 (Decl. of X. Kurihara, ¶ 5, Ex. A.)

Plaintiff opposes the motion to compel, and Plaintiff argues that Hilton's delay in bringing the motion resulted in a waiver of the right to compel arbitration. Further, Plaintiff argues that, before filing the action, Hilton had failed to provide a copy of the Agreement to Plaintiff even though he demanded his entire employment file from Hilton pursuant to Labor Code §§ 1198.5, 432 and 226(b) and (c). (Dkt. 36-1 (Salisbury Decl.), ¶ 3). Plaintiff argues that, because he was not aware of the Agreement, he did not assert claims under the Private Attorney Generals Act ("PAGA") because those claims were subsumed within the class claims asserted in the complaint. (Dkt. 35, pp. 1-2.) Therefore, Plaintiff moves for leave to amend the complaint to add claims

2

1  under PAGA and for violation of the aforementioned Labor Code provisions regarding the
2  production of Plaintiff's employment file. (*Id.*; Dkt. 36.) Hilton opposes the motion for leave to
3  amend on the grounds that the proposed claims under PAGA are time-barred. (Dkt. 38.)

**DISCUSSION**

**A.   Standard for Motion to Compel Arbitration**

The Federal Arbitration Act ("FAA") governs the enforceability of written arbitration provisions in certain contracts involving interstate commerce. *See* 9 U.S.C. § 1, *et seq.; see also Gilmer v. Interstate/Johnson Lane Corp.,* 500 U.S. 20, 24-26 (1991). To meet the applicability standard, a party to the arbitration agreement need only show that it buys or sells products or goods in the stream of commerce. *See Circuit City Stores, Inc. v. Adams,* 532 U.S. 105 (2001) (finding that an arbitration agreement between an employee and employer engaged in a nationwide retail business falls within the scope of the FAA). According to the FAA:

> A written provision in any . . . contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising out of such contract ... shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract.

9 U.S.C. § 2.

While the FAA reflects a "liberal federal policy favoring arbitration, arbitration is a matter of contract." *AT&T Mobility v. Concepcion*, 563 U.S. 333, 339 (2011) (internal quotes and citations omitted). To order arbitration under the FAA, the court must be satisfied that (1) there exists a valid written agreement to arbitrate in a contract, and (2) the agreement to arbitrate encompasses the dispute at issue. *Cox v. Ocean View Hotel Corp.,* 533 F.3d 1114, 1119 (9th Cir. 2008). Hilton presents the written Agreement signed by Plaintiff and Hilton Director of Human Resources for the Hilton at Embassy Suites San Francisco-Airport-Waterfront Hotel, Xina Kurihara, whose declaration is submitted in support of Hilton's motion. (Dkt. 31-1.) Ms. Kurihara accessed Mr. Solomon's file and authenticated the Agreement in her declaration. (Dkt. 31-3, ¶¶ 4-6.) The Agreement specifically "includes all common-law and statutory claims, including, but not limited to, any claim for breach of contract, unpaid wages, wrongful termination, unfair competition…." Thus, the Agreement encompasses the current allegations in

3

1  Plaintiff's complaint, as well as the proposed statutory claims based on alleged violations of the
2  Labor Code described in the motion for leave to amend.[1]  The two prongs required under the FAA
3  are satisfied.
4        In opposition to the motion to compel, Plaintiff does not dispute the validity of the
5  Agreement or whether it was procedurally or substantively unconscionable.  Rather, Plaintiff
6  argues that Hilton waived the right to compel arbitration by waiting six months before moving to
7  compel.

8  **B.      Did Hilton Waive Its Right to Compel?**

9        Courts in California recognize that when the FAA applies, the question of waiver is a
10 matter of federal law, not state substantive law.  *DeMartini v. Johns,* 2012 WL 4808448, at *5
11 (N.D. Cal. Oct. 9, 2012); *Madrigal v. New Cingular Wireless Services, Inc.,* 2009 WL 2513478, at
12 *8 (E.D. Cal., Aug. 17, 2009).  Under federal law, a right to arbitrate is waived where a party can
13 demonstrate: (1) knowledge of an existing right to compel arbitration; (2) acts inconsistent with
14 that existing right; and (3) prejudice to the party opposing arbitration resulting from such
15 inconsistent acts."  *DeMartini,* 2012 WL 4808448, at *5 (citing *Brown v. Dillards, Inc.,* 430 F.3d
16 1004, 1012 (9th Cir. 2005); *Madrigal,* 2009 WL 2513478, at *9.  Because waiver of a contractual
17 right is not favored, the party arguing waiver of arbitration "bears a heavy burden of proof."  *U. S.*
18 *v. Park Place Associates, Ltd.,* 563 F.3d 907, 921 (9th Cir. 2009).

19       There is no dispute that Hilton knew of its right to compel arbitration early in the litigation.
20 Hilton notified the Plaintiff of the right to arbitration in its answer filed December 29, 2016,
21 specifically in the first affirmative defense which states that the parties are bound by an arbitration
22 agreement.  (Dkt. 1, p. 40-41.)  Also, the April 10, 2017 initial joint case management conference
23 statement declares the intent to file a motion to compel arbitration "in the coming weeks."  (Dkt.
24 27, p. 5.)  The motion to compel was filed on May 18, 2017, a little over a month later.  (Dkt. 31.)
25       As to actions inconsistent with the right to compel arbitration, Plaintiff claims that he
26 sought his entire personnel file, but Hilton did not provide him with a copy of the Agreement.

---

[1] As discussed below, PAGA claims are not encompassed within the scope of the Agreement.

4

(Dkt. 35-1, ¶ 2.) Hilton claims that Plaintiff's counsel was notified that the payroll department, which received the file request in Memphis, Tennessee, lacked access to information beyond the record of Mr. Solomon's earnings. (Dkt. 35-2, p. 3.) At the hearing of this matter, Hilton represented that no further attempts to obtain Plaintiff's employment file were received, a fact that was not contested by Plaintiff's counsel. While the arbitration agreement arguably should have been produced earlier, especially during Rule 26 disclosures, there were plenty of clues that should have alerted Plaintiff's counsel to the existence of an arbitration agreement prior to the date the motion to compel was filed, not the least of which included Hilton's statements during the case management conference.

Nevertheless, Plaintiff maintains that by removing the action to this Court, filing an answer, fighting the motion to remand based on the provision in CAFA requiring $5,000,000 in controversy, participating in the Rule 26 process, including Rule 26 disclosures that did not include the arbitration agreement, and participating in the case management scheduling process, Hilton acted inconsistently with a party seeking to compel arbitration, thus, changing the course of the litigation and delaying the action. (Opp. at Dkt. 35, 5:15-23.) Plaintiff claims that the delay resulted in prejudice in the form of wasted time and expense. (*Id.,* 5:24-7:20.)

The idea that removal based on CAFA is conduct inconsistent with the intent to arbitrate has been rejected as a basis for asserting waiver of arbitration. *See Morvant v. P.F. Chang's Bistro, Inc.,* 870 F.Supp.2d 831, 846 (N.D. Cal. 2012). Likewise, "[m]ere delay cannot constitute the prejudice necessary to waive a party's right to arbitrate the dispute." *Id.* at 847. The parties must have also engaged in "extensive delay" or been "on the verge of trial" to waive the right to arbitrate the dispute. *Id.* (In *Morvant,* a seven-month delay after removal pursuant to CAFA was deemed insufficient to form the basis for waiver.) Therefore, this Court finds that Plaintiff has failed to establish waiver of the right to proceed to arbitration.

**C.     Plaintiff's PAGA Claim**

Under PAGA, an "aggrieved employee" stands in the shoes of the California Labor and Workforce Development Agency ("LWDA") and seeks to recover civil penalties for alleged Labor Code violations. Cal. Labor Code § 2699(a). PAGA claims are not subject to mandatory

5

arbitration provisions. *Sakkab v. Luxottica Retail North Amer., Inc.,* 803 F.3d 425 (9th Cir. 2015); *Iskanian v. CLS Transportation Los Angeles, LLC*, 59 Cal.4th 348 (2014). In *Sakkab,* the Ninth Circuit found *Iskanian* barred the waiver of claims under PAGA and held that such bar is not an "obstacle to the accomplishment of the FAA's objectives, and is not preempted by the FAA." 803 F.3d at 427. Thus, if Plaintiff can state a PAGA claim, the claim can be severed from the remainder of the action and stayed in court until after the arbitration proceedings are completed. (*See e.g., Cobarruviaz v. Maplebear, Inc.,* 143 F.Supp.3d 930 (N.D. Cal. 2015); *Attia v. Neiman Marcus Group, Inc.,* 2016 WL 8902584 (C.D. Cal. June 27, 2016)); *Shepardson v. Adecco USA, Inc.,* 2016 WL 1322994 (N.D. Cal. April 5, 2016).)

Here, Plaintiff's PAGA claim is time-barred. To claim PAGA penalties, a plaintiff must exhaust the administrative procedures set out in California Labor Code § 2699.3. *Slay v. CVS Caremark Corp.,* 2015 WL 2081642, at *4 (E.D. Cal. May 1, 2015). A plaintiff must give written notice to the LWDA and defendant and then either wait for the LWDA to respond that it will not prosecute or after 33 days without notice, the plaintiff may file suit. Cal. Labor Code § 2699(a)(2)(A).[2] PAGA claims are restricted by a one-year statute of limitations. *See Slay,* 2015 WL 2081642, at *5; *see also* Cal. Civil Code § 340(a). The statute of limitations may be tolled for up to 33 days while a plaintiff submits a mandatory letter to the LWDA exhausting administrative remedies under California Labor Code § 2699.3(a)(2)(A).

Mr. Solomon's employment was terminated on August 22, 2014. Thus, Solomon's deadline to file a claim with LWDA for the violations occurring at that time of his termination was August 22, 2015. Assuming that he had filed his claim with LWDA, he would have an additional 33 days, or until September 24, 2015 to file his lawsuit. However, Plaintiff did not submit his letter to the LWDA until June 6, 2017, over a year-and-a-half after his employment was terminated. (Dkt. 45, Ex. A.) The Complaint was filed on November 18, 2016, over a year after the statute had run; thus, foreclosing any argument that the claim relates back to the date on which the Complaint was filed. Therefore, the Court finds that the claim is time barred and DENIES

---

[2] Effective June 27, 2016, Section 2699.3 was amended to increase the 33-day period to 65-days. However, the period at issue here predates the amendment.

6

Plaintiff's motion for leave to amend.

**D.     Class Allegations**

"[A] party may not be compelled under the FAA to submit to class arbitration unless there is a contractual basis for concluding that the party agreed to do so." *Stolt-Nielsen S.A. v. Animal Feeds Int. Corp.,* 559 U.S. 662, 684 (2010). "[B]ecause class-action arbitration changes the nature of arbitration to such a degree that it cannot be presumed that the parties consented to it by simply agreeing to submit their disputes to an arbitrator." *Id.* at 685. "Thus, when an arbitration agreement is silent regarding the availability of class-wide arbitration, a court may not order, and thereby impose, class-wide arbitration on the parties." *Lopez v. Ace,* 2012 WL 1655720, at *8 (C.D. Cal. May 4, 2012).

In this case, the Agreement is silent as to the availability of class-action arbitration. The parties have only agreed to participate in bilateral arbitration and therefore Plaintiff must participate in bilateral arbitration with Defendant. Given that the parties did not agree to class-action arbitration, neither party is compelled to participate with the other in class-action arbitration.

Plaintiff argues that the determination of whether the Agreement compels class arbitration or not should be determined by the arbitrator. (Dkt. 35, p. 8-11.) Plaintiff relies on *Green Tree Financial Corp. v. Bazzle,* 539 U.S. 444 (2003) in which the issue of arbitrability was subject to determination by the arbitrator. However, the Supreme Court "has not yet decided whether the availability of class arbitration is a question of arbitrability." *Oxford Health Plans LLC v. Sutter,* 133 S.Ct. 2064, 2068 Fn.2 (2013). Rather, "the availability of class arbitration is a gateway question of arbitrability for the court to decide unless the parties unmistakably provide otherwise." *Cobarruviaz,* 143 F.Supp.3d at 944 (citing *Reed v. Elsevier, Inc. v. Crockett,* 734 F.3d 594, 599 (6th Cir. 2013)). Whether the delegation clause is applicable to a certain party must be decided by the court because the provisions granting authority for the arbitrator to decide issues of scope are by definition only applicable to the parties to the agreement. *Id.* at 944-45 (citations omitted). Given that there is no evidence that the parties contemplated or agreed to class arbitration, the Court finds that the scope of the Agreement does not include class arbitration.

**CONCLUSION**

As set forth above, the Court finds that a valid arbitration agreement exists, that Plaintiff's disputes are encompassed within the scope of the Agreement, as are the violations of the Labor Code contemplated in Plaintiff's motion for leave to amend, and that Hilton has not waived the right to compel arbitration.  Therefore, Hilton's motion to compel arbitration is GRANTED.  Further, the Court finds that Plaintiff's PAGA claims are barred by the statute of limitations and, since there are no severable claims over which the Court should retain jurisdiction, the motion for leave to amend must be DENIED.  Therefore, the case is DISMISSED without prejudice to refiling should further proceedings be necessary following the completion of arbitration.

**IT IS SO ORDERED**.

Dated: July 14, 2017

SALLIE KIM
United States Magistrate Judge